## SMITH v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9332. Decided Oct. 29, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**INTOXICATING LIQUOR.**
(330 P) Conviction, on charge of unlawful possession, of married woman living with husband, held unlawful. Watson v. State, 6 Abs. 167, followed and approved.

Weltmar and Edenburg, Cleveland, for Smith.

J. A. Kovachy, Cleveland, for State.

HISTORY:—Beatrice Smith convicted in Municipal Court of Cleveland, on charge of unlawful possession of intoxicating liquor. Accused prosecutes error. Reversed and accused discharged. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

This case comes into this court on a petition in error to the Municipal Court of the City of Cleveland.

In the court below the plaintiff in error was charged with having liquor in her possesion in violation of law. The evidence shows that she was living with her husband Addie Smith, and that the husband rented the place and paid the rent and this plaintiff in error seems to be a hair dresser and had the name "hair dresser" on the window, I believe, but it is claimed that she only did work by going out to her customers.

VICKERY, J.

However this may be, the evidence is clear that she was a married woman living with her husband and under the circumstances, and under the decision in Watson v. State of Ohio, published in the Ohio Law Abstract of March 17, 1928, decided by the Seventh District Court of Appeals, which we follow, the wife cannot be convicted. The conviction, therefore, under these circumstances, was erroneous in that it was not supported by sufficient evidence and contrary to law.

The judgment will, therefore, be reversed and the plaintiff in error discharged.

(Sullivan, P. J., and Levine, J., concur.)

---

## FRANKEL v. CROSS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8901. Decided Oct. 29, 1928.

(Hughes, P. J., and Justice, J. of the 3rd Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE.**
(510 B2e) Claim asserted on parol contract, for collection of real estate broker's commission, earned for services in procuring purchaser, not enforceable.

Christian J. Bannick, Cleveland, for Frankel.

Lieghley, Halle, Haber & Berick, Cleveland, for Cross, et.

HISTORY:—Action in Common Pleas by Frankel against Cross, et al., to collect commision for sale of real estate. Demurrer to petition, sustained. Plaintiff prosecutes error. Judgment affirmed. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

Plaintiff brought his action in the Common Pleas Court upon two causes of action. The first alleged that the defendants employed him to find a purchaser for certain real property described therein at a given price, and orally agreed to pay him therefor a commission of four percent on the first Twenty Thousand and two and a half percent on the remainder received; that he accepted said employment, found a purchaser who was able, ready and willing to make said purchase upon terms agreeable to the defendants and so notified them and that by reason whereof he became entitled to the sum of $3175 as a commission. The second cause of action is not involved in these error proceedings.

A demurrer was filed to this first cause of action on the ground that it was within the operation of the statute of frauds and therefore set forth no enforceable claim against the defendants and this demurrer was sustained by the court below. This review on error here involves the application of the statute of frauds as now amended to this first cause of action.

HUGHES, PJ.

It would make little difference in what variety of language this cause of action might be described or set forth. In its substance it would always be a claim asserted on a parol contract for the collection of a real estate broker's commission earned for services in procuring a purchaser. This is exactly what the statute of frauds now says is unenforceable. Without doubt the demurrer was rightly sustained and the judgment is affirmed at the costs of plaintiff in error.

(Justice and Mauck, JJ., concur.)